# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Glenville Ratliff,**
**Defendant Below, Petitioner**

**vs) No. 16-1048** (Greenbrier County 14-C-154)

**R.T. Rogers Oil Company, Inc.,**
**Plaintiff Below, Respondent**

**FILED**

**October 23, 2017**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Glenville Ratliff, by counsel Paul S. Detch appeals the Circuit Court of Greenbrier County's October 7, 2016, order granting respondent's motion for a new trial. Respondent R.T. Rogers Oil Company, Inc., by counsel James R. Sheatsley, filed a response and a supplemental appendix. Petitioner filed a reply. On appeal, petitioner argues that the circuit court erred in granting respondent's motion because it failed to make appropriate findings of fact and conclusions of law to support its order.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Petitioner operated several businesses in Greenbrier County, West Virginia. Petitioner was a ninety percent shareholder in a corporation known as C&G Corporation, with his daughter holding the remaining shares. This corporation, created in 2005, purchased oil and gasoline products from respondent. Respondent also loaned petitioner's corporation money to erect a canopy over gas pumps that the corporation owned. Eventually, the corporation entered bankruptcy. At the time of bankruptcy, the corporation owed respondent $80,000. This debt was eventually discharged in bankruptcy.

Following the bankruptcy proceeding, respondent filed a civil action against petitioner, individually, and sought to pierce the corporate veil in regard to satisfying the outstanding debt owed. In March of 2016, the matter proceeded to a jury trial, during which the jury answered a number of interrogatories. In response to one interrogatory, the jury found that "there is such unity of interest and ownership that separate personalities of C&G Corporation and [petitioner] Glenville Ratliff no longer existed." However, the jury did not find that an inequitable result would occur if petitioner was not held personally liable for the debt owed to respondent. As such, the jury found unanimously in petitioner's favor.

1

Shortly after the jury's verdict, respondent moved for a new trial under Rule 59 of the West Virginia Rules of Civil Procedure. In support of its motion, respondent argued that it was the only party that presented evidence as to fairness, or lack thereof. In ruling on respondent's motion, the circuit court found that "[t]he evidence . . . overwhelmingly showed that [petitioner's] bankrupt corporation, C&G Corporation, was comingled not only with [petitioner's] other businesses, but with [petitioner's] personal finances." As such, the circuit court found that the jury's interrogatory answers "showed that prong one of the test to pierce the corporate veil could be satisfied." Further, the circuit court found that the jury's finding that it would be inequitable to assess the corporation's liability against petitioner, individually, was against the weight of the evidence. The circuit court ultimately granted respondent's motion by order entered on October 7, 2016. It is from this order that petitioner appeals.

We have previously established that

> "[a]s a general proposition, we review a circuit court's rulings on a motion for a new trial under an abuse of discretion standard. *In re State Public Building Asbestos Litigation*, 193 W.Va. 119, 454 S.E.2d 413 (1994) . . . . Thus, in reviewing challenges to findings and rulings made by a circuit court, we apply a two-pronged deferential standard of review. We review the rulings of the circuit court concerning a new trial and its conclusion as to the existence of reversible error under an abuse of discretion standard, and we review the circuit court's underlying factual findings under a clearly erroneous standard. Questions of law are subject to a *de novo* review." *Tennant v. Marion Health Care Found., Inc.*, 194 W.Va. 97, 104, 459 S.E.2d 374, 381 (1995).

*Williams v. Charleston Area Medical Center, Inc.*, 215 W.Va. 15, 18, 592 S.E.2d 794, 797 (2003). Upon our review, we find no error in the proceedings below.

On appeal, petitioner argues that the circuit court failed to make appropriate findings of fact and conclusions of law to support its order, as required by Rule 59(d) of the West Virginia Rules of Civil Procedure. However, petitioner fails to acknowledge that Rule 59(d) is inapplicable to the current matter. According to Rule 59(d), a circuit court may, "*on its own*, . . . order a new trial for any reason that would justify granting one on a party's motion." (emphasis added). Rule 59(d) goes on to instruct that "[w]hen granting a new trial on its own initiative or for a reason not stated in a motion, the [circuit] court shall specify the grounds in its order." The circuit court's order granting respondent a new trial in this matter was not entered on the circuit court's own initiative. Rather, it was entered in response to respondent's motion for such relief. As such, the circuit court was bound not by Rule 59(d), but by Rule 59(a) governing the granting of new trials upon motions by parties. As such, petitioner's entire argument is premised upon an inapplicable rule.

Moreover, petitioner's argument ignores the fact that the circuit court made abundant findings of fact and conclusions of law in support of its order. In addressing a party's ability to pierce a corporate veil, we have held as follows:

In a case involving an alleged breach of contract, to "pierce the corporate veil" in order to hold the shareholder(s) actively participating in the operation of the business personally liable for such breach to the party who entered into the contract with the corporation, there is normally a two-prong test: (1) there must be such unity of interest and ownership that the separate personalities of the corporation and of the individual shareholder(s) no longer exist (a disregard of formalities requirement) and (2) an inequitable result would occur if the acts are treated as those of the corporation alone (a fairness requirement).

Syl. Pt. 3, *Laya v. Erin Homes, Inc.*, 177 W.Va. 343, 352 S.E.2d 93 (1986). Here, the parties acknowledge that the jury found that there was such unity of interest and ownership that separate personalities of C&G Corporation and petitioner no longer existed. However, despite recognizing the fact that petitioner comingled funds among his other businesses and his own personal finances, the jury declined to find that an inequitable result would occur if petitioner was not held personally liable for the debt owed to respondent. In ruling on respondent's motion, the circuit court ruled that this finding was "against the clear weight of the evidence and plainly contrary to the evidence presented." According to the circuit court, petitioner's own admissions showed that "C&G Corporation was operating as a corporate shell and that grossly inadequate capitalization, combined with disregard of corporate formalities, caused basic unfairness to" respondent. The jury's finding in this regard allowed petitioner, in the circuit court's words, to "hide from the normal consequences of carefree entrepreneuring by doing so through a corporate shell . . . ." As such, the circuit court vacated the jury's verdict and granted respondent's motion.

In addressing the granting of motions for a new trial, we have set forth the following:

"When a trial judge vacates a jury verdict and awards a new trial pursuant to Rule 59 of the West Virginia Rules of Civil Procedure, the trial judge has the authority to weigh the evidence and consider the credibility of the witnesses. If the trial judge finds the verdict is against the clear weight of the evidence, is based on false evidence or will result in a miscarriage of justice, the trial judge may set aside the verdict, even if supported by substantial evidence, and grant a new trial. A trial judge's decision to award a new trial is not subject to appellate review unless the trial judge abuses his or her discretion." Syllabus Point 3, in part, *In re State Public Building Asbestos Litigation*, 193 W.Va. 119, 454 S.E.2d 413 (1994).

Syl. Pt. 2, *Tennant v. Marion Health Care Found., Inc.*, 194 W.Va. 97, 459 S.E.2d 374 (1995). Here, petitioner does not allege that the circuit court abused its discretion. Instead, he simply alleges that the circuit court made insufficient findings of fact and conclusions of law after supplanting the jury's determination about the case with its own. According to petitioner, "[t]he judge has not set out any reason as to why his judgment is any superior [sic] to those on the jury." However, as set forth above, the record clearly shows that the circuit court made sufficient findings of fact and conclusions of law in support of its order. Accordingly, we find no abuse of discretion in the granting of respondent's motion for a new trial.

For the foregoing reasons, the circuit court's October 7, 2016, order granting respondent's motion for a new trial is hereby affirmed.

3

Affirmed.

**ISSUED**: October 23, 2017

**CONCURRED IN BY**:

Chief Justice Allen H. Loughry II
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker

4